# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3069

_____

| | |
|---|---|
| Leon Fowler, | * |
| | * |
|        Appellant, | * |
| | *  Appeal from the United States |
|    v. | *  District Court for the Western |
| | *  District of Missouri. |
| Steven Howell, | * |
| | *     [UNPUBLISHED] |
|        Appellee. | * |

_____

Submitted: April 19, 2011
Filed: May 2, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri inmate Leon Fowler appeals from the district court's[1] adverse grant of summary judgment on his claims asserting that he was terminated from a prison job, and was not hired for other prison jobs, in violation of his equal protection and due process rights.

After careful de novo review, see Chism v. Curtner, 619 F.3d 979, 982 (8th Cir. 2010), we conclude that summary judgment was properly granted on Fowler's equal

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

protection claim because Fowler did not establish a prima facie case of racial discrimination, and also did not establish a genuine dispute as to whether defendant's legitimate, nondiscriminatory reasons for the challenged decisions were pretextual, see id. at 983 & n.3 (summarizing burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which applies to race discrimination claims in absence of direct evidence of discrimination; noting that such claims under Title VII and 42 U.S.C. §§ 1981 and 1983 are all analyzed under same framework); Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007) (to avoid summary judgment on race discrimination claim, inmate had to identify affirmative evidence from which jury could find proof of discriminatory motive; motive is most often proved with evidence that similarly situated inmates were treated differently). We also conclude that summary judgment was properly granted on Fowler's due process claim. See Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984) (per curiam) (inmates generally have no constitutional right to tenure in prison jobs; concluding that prison regulations did not create liberty or property interest). Accordingly, we affirm the judgment, see 8th Cir. R. 47B, and we deny Fowler's pending motion.

_____